RECEIVED
IN ALEXANDRIA, LA.
DEC 17 2013
TONY R. MOORE, CLERK
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| TRUMAN PERRODIN | : | DOCKET NO. 6:12-2255 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| LOWE'S HOME CENTERS, INC. | : | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #26) filed by defendant, Lowe's Home Centers, Inc. ("Lowe's") wherein the mover seeks to dismiss plaintiff's claims because plaintiff has failed to meet his burden of proof under the Louisiana Merchant Liability Statute.

### FACTUAL STATEMENT

On April 26, 2012, an incident occurred near the lumber department at the Lowe's store in New Iberia, Louisiana. Plaintiff, Truman Perrodin, struck his head on a commercial roll-down door as it was descending allegedly causing injury. Scotti Boutte was working as a cashier in the store and was the Lowe's employee who pressed the button to close the door ffter noticing the roll-up door was open. Prior to closing the door, Boutte looked outside to make certain no one was coming in the door.

The door was free from any defect and in a proper working condition at the time of the incident. The roll-up door does not have a sensor which triggers it to stop when human traffic passes beneath it.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is

---

[1] Fed. R.Civ. P. 56(c).

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5] Anderson, 477 U.S. at 249.

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Perrodin alleges he was injured when his head struck the commercial roll-down door. Perrodin has very little recollection of the event as it transpired. Perrodin asserts that Lowe's was negligent for failing to exercise reasonable care under the Louisiana Merchant Liability Statute. Perrodin also asserts that Lowe's was negligent because Ms. Boutte failed to keep a proper look out while operating the roll-down door, and also for allowing the door to remain open without forklift traffic immediately accessing the door.

Lowe's argues that it should not be liable for the open and obvious risk encountered by Perrodin when he chose to duck beneath a large closing metal door. Lowe's maintains that Perrodin has failed to present any evidence that the door presented an unreasonable risk of harm; Perrodin has not alleged the existence of any defect in the door. Lowe's further argues that Perrodin has presented no evidence that it is guilty of negligence.

*Louisiana Merchant Liability Statute*

Lowe's maintains that summary judgment is appropriate under the facts of this case. Louisiana Revised Statute 9:2800.6 provides as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his isles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

As to the burden of proof, 9:2800.6 provides:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

---

[8] Anderson, 477 U.S. at 249-50.

3

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

An unreasonable risk of harm is present if the dangerous condition would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances.[9] Lowe's remarks that summary judgement has been routinely granted in favor of a store when a customer is injured due to an open and obvious condition, or which presented no inherent hazard to the store's customers. In Taylor v. Wal-Mart Stores, Inc.,[10] summary judgment was granted in favor of a merchant when plaintiff tripped over a display pallet located in the middle of the aisle. In Hays v. Wal-Mart Louisiana, LLC,[11] summary judgment was granted when a customer tripped over a box left in the store aisle that the court determined was "plainly visible", and in Allen v. The Kroger Co.,[12] summary judgment was granted when the plaintiff tripped over a stocking cart in the middle of the aisle.

A person has a "duty to see that which should have been seen" and is bound to observe his course to see if his pathway is clear."[13] In Graubarth v. U.S. ex rel. Dep't of Interior,[14] the court

---

[9] Lasyone v. Kansas City Southern R.R., 786 So.2d 682 (La. 4/3/01).

[10] 2006 WL 1476031 ( W.D. La. 2006).

[11] 2010 WL 4386828 (W.D. La. 2010).

[12] 2005 WL 2180492 (W.D. La. 2005).

[13] Carr v. City of Covington, 477 So.2d 1202, 1204 (La.App. 1st Cir. 1985), writ denied, 481 So.2d 631 (La.1986).

[14] 2005 WL 3543763 (E.D.La. 2005).

4

granted summary judgment when plaintiff climbed a ladder and struck his head on the top of the door frame, finding that plaintiff failed to detail any evidence to dispute that the danger was obvious.

In the instant suit, plaintiff entered into the store under a large 14 foot by 10 foot commercial roll-down door that was closing and struck his head on the door. The court finds that the closing door was an open and obvious risk, and that plaintiff has failed to present any evidence to dispute this.

Next, Perrodin maintains that Lowe's was negligent for leaving the door open and for failing to keep a proper lookout. Perrodin complains that Lowe's failed to follow its own policies and procedures as to the roll-down door– specifically that the door should have been closed because there was no forklift or other heavy equipment entering and exiting the door. Perrodin further complains that the door had no sound or flashing lights to warn customers it was closing, nor does it have a sensor to stop the door from closing when human traffic passes beneath it.

An associate at a cash register pushes a button to close the door which is driven by a motor. That associate is supposed to make sure no one is in the path of the door while lowering it. Scotti Boutte, the roll-up operator at the time of the accident, testified that after she pushed the button to lower the door, another customer diverted her attention momentarily and then she returned her attention to the door. Perrodin argues that Boutte's temporary diversion was a violation of the company's safety policy with regard to the roll-down door and furthermore, Lowe's violated its policies and procedures by leaving the door open for an unknown period of time without traffic.

Lowe's maintains that even under the duty-risk analysis, plaintiff has failed to prove that the harm he encountered was unreasonable. "[W]here a risk is obvious, there is no duty to warn or

protect against it."[15] Lowe's has submitted as summary judgment evidence, a video of the large fourteen foot roll-down door to show that it is plainly visible, open and obvious as it closes. Lowe's remarks that in order for plaintiff to have struck his head on the door, the door must have been more than half way closed. Conceding that Ms. Boutte momentarily took her eyes off the door as she was distracted by a customer, Lowe's, argues that even in light of the cashier's acts, or a violation of store policy, this evidence does not transform the large closing door at issue into an unreasonable danger to a prudent person exercising ordinary care for his own safety, noting that the "failure to take every precaution against all foreseeable injury to another does not necessarily constitute negligence.[16]

The court finds that the large roll-down commercial door was an open and obvious risk for anyone who chose to pass underneath it as it was closing. Furthermore, due to Perrodin's lack of memory of the incident, he has failed to establish the position of the door as he attempted to enter the store. Perrodin has failed to show that the door was a hazard as he attempted to enter the store. If the door had descended to eye level so that it should have been obvious that it was an impediment to him proceeding, it would not present an unreasonable risk of harm. Since Perrodin cannot establish where the door was or indeed any particulars of how the accident happened, he is unable to prove fault on the part of the defendant and therefore summary judgment is appropriate.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing plaintiff's claims with prejudice.

---

[15] Bridgefield Cas. Ins. Co. v. J.E.S. Inc., 29 So.3d 570 (La.App 1 Cir. 10/23/09); Moory v. Allstate Ins. Co. 906 So.2d 474, 478 (La.App. 1 Cir. 2/11/05) writ denied 901 So.2d 1076 (La.4/29/05); Butler v. Doug's IGA, 774 So.2d 1067, 1071 (La. App. 2nd Cir. 2000).

[16] Moore v. Allstate Ins. Co., 906 So.2d 474, 478 (La.App. 1 Cir. 2/11/05).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 17th day of December, 2013.

                                                      JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE